IN THE UNITED STATES DISTRICT COURT OF APPEALS
FOR THE FOURTH CIRCUIT

DAVID M. DAUGHERTY,

    Plaintiff - Appellee

V.                                                                     NO. 16-2243

OCWEN LOAN SERVICING, LLC,

    Defendant - Appellant

### APPELLEE'S RESPONSE CONSENTING TO APPELLANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL

### FACTUAL SUMMARY OF BONDING ISSUE

Ocwen has moved under Rule 8 of the Federal Rules of Appellate Procedure for a stay of the judgment entered against it on September 26, 2016. Ocwen filed its Notice of Appeal on October 26, 2016. However, Ocwen declined to file a surety bond in this appeal. David Daugherty had no protection of his rights pending appeal. The purpose of the *supersedeas* bond is to secure the appellee from loss resulting from the stay of execution. *Se. Booksellers Ass'n v. McMaster,* 233 F.R.D. 456, 459 (D.S.C. 2006), *quoting Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Assoc.,* 636 F.2d 755, 760-61 (D.C.Cir.1980); *see also Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). With no other means to force Ocwen to obtain a surety bond pending appeal, David Daugherty took steps to preserve the status quo and protect his judgment pending appeal by seeking to execute on his judgment. He applied for an abstract of judgment on November 10, 2016.

Only after Mr. Daugherty took these steps did Ocwen request a stay and file a purported bond, over two weeks after filing its appeal on November 10, 2016. David Daugherty inspected Ocwen's bond and challenged the bond filed by Ocwen, which merely listed Ocwen's parent company as surety. On December 5, 2016, the District Court found that a stay of the judgment

should be denied pending the filing of a legitimate bond. Even after the Court's order, Ocwen did not post a legitimate bond. David Daugherty continued to face the same situation wherein his rights as the non-appealing party were not protected. Ocwen continued to place the burden of preserving the status quo upon Mr. Daugherty. Thus, he continued to seek execution of his judgment. Ocwen's bank, JPMorgan Chase, answered Mr. Daugherty's suggestion by freezing Ocwen's bank account on December 12, 2016.

Mr. Daugherty moved the District Court for an Order directing JPMorgan Chase to release the frozen funds to him on December 12, 2016. Ocwen never posted a bond until after David Daugherty spurred Ocwen into taking action. Mr. Daugherty has sought to preserve his rights pending appeal and has finally secured adequate security - a frozen Ocwen bank account. Only after Mr. Daugherty sought this order did Ocwen obtain a bond through a third party surety in an adequate amount. Ocwen misrepresents to this Court that it complied with Rule 8(a)(2)(c) by giving reasonable notice of its intent to file this motion to appellee. Ocwen merely sent a brief email at the close of business on December 12, 2016, with no proof of any sufficient bonding or other evidence that would address Mr. Daugherty's or the District Court's concerns about the adequacy of the bond.

Upon receipt and inspection of the bond, Appellee acquiesces that the current bond is an adequate *supersedeas* bond that secures Mr. Daugherty, who has won in the trial court, and does not put to him the expense of defending his judgment on appeal as Ocwen has finally taken reasonable steps to assure that the judgment will be paid if it is affirmed. *See Lightfoot v. Walker*, 797 F.2d 505, 506–07 (7th Cir. 1986).

**DAVID DAUGHERTY**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*


BY:   /s/   Jed R. Nolan
      Ralph C. Young  *(W. Va. Bar #4176)*
        ryoung@hamiltonburgess.com
      Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
        sbroadwater@hamiltonburgess.com
      Jed R. Nolan (*W. Va. Bar #10833*)
        jnolan@hamiltonburgess.com
      *Counsel for Plaintiff*
      P. O. Box 959
      Fayetteville, WV 25840
      304-574-2727

IN THE UNITED STATES DISTRICT COURT OF APPEALS
FOR THE FOURTH CIRCUIT

DAVID M. DAUGHERTY,

    Plaintiff - Appellee

V.                                                                          NO. 16-2243

OCWEN LOAN SERVICING, LLC,

    Defendant - Appellant

## CERTIFICATE OF SERVICE

I, Jed R. Nolan, counsel for Plaintiff, hereby certify that I have filed **APPELLEE'S RESPONSE CONSENTING TO APPELLANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants, on December 20, 2016:

    John C. Lynch, Esq.
    Jason E. Manning, Esq.
    TROUTMAN SANDERS LLP
    222 Central Park Avenue, Suite 2000
    Virginia Beach, VA  23462
    *Counsel for Defendant Ocwen Loan Servicing, LLC*
    john.lynch@troutmansanders.com
    jason.manning@troutmansanders.com

                                                  /s/ Jed R. Nolan
                                                  **JED R. NOLAN** *(WVSB #10833)*
                                                  jnolan@hamiltonburgess.com